FILED UNDER SEAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| STEVEN SORG ) | |
| ) | |
| ) | |
| PLAINTIFF ) | Case No. 2:11-cv-00006-DLB -CJS |
| v. ) | |
| ) | |
| ZWICKER & ASSOCIATES, P.S.C. ) | FILED UNDER SEAL |
| a/k/a ZWICKER & ASSOCIATES, P.C. ) | |
| ) | |
| DEFENDANT ) | |
| ) | |

ZWICKER & ASSOCIATES' MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO 12(b)(6) FOR FAILURE TO STATE A CLAIM, AND
POTENTIAL DISCLOSURE OF PRIVILEGED COMMUNICATIONS AND
CONFIDENTIAL INFORMATION, OR IN THE ALTERNATIVE,
FOR AN *IN CAMERA* REVIEW OF ALL PLEADINGS

I.   INTRODUCTION

Plaintiff, Steven Sorg ("Plaintiff" or "Sorg"), brings a four-count Complaint and Jury Demand ("Complaint") against Defendant, Zwicker & Associates, P.S.C. a/k/a Zwicker & Associates, P.C. ("Defendant" or "Zwicker").  Sorg's complaint fails to state a claim pursuant to Fed.R.Civ.P.12(b)(6), but even if Mr. Sorg was able to state a claim, he is barred from doing so as he would be required to violate multiple layers of confidentiality in order to pursue his claims.[1]  At ¶ 5 of the Complaint, Sorg states "[a]t all times relevant hereto, until their (sic) termination by Defendant, Plaintiff was employed as an attorney by Defendant." Complaint, ¶ 5.

---

[1] Mr. Sorg, and attorney, rendered legal advice to Zwicker.  He also had an attorney-client relationship with many of Zwicker's clients, who are largely creditors seeking to collect on debts.  Further, he signed a confidentiality agreement when he began working at Zwicker.  Finally, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), and a panoply of state laws, he is barred from disclosing information concerning the debtors from which Zwicker's clients sought to collect.

1

FILED UNDER SEAL

Sorg then alleges *inter alia* that Zwicker terminated "Plaintiff for failing or refusing to violate the law in the course of his employment, in violation of public policy." Complaint, ¶ 15.

This Court should dismiss Sorg's complaint as it fails to state a claim pursuant to Fed.R.Civ.P.12(b)(6), and the standard elucidated by the Supreme Court in <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007) and <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937 (2009). This Court should also dismiss Sorg's claims as they will necessarily require the disclosure of privileged attorney-client communications and other confidential information, which Sorg is barred from disclosing as an attorney rendering legal advice for Zwicker, and an attorney for Zwicker's clients. Finally, if this Court is not inclined to dismiss Sorg's complaint at this time, this Court should conduct an *in camera* review of Sorg's allegations, and any proffered factual support.

## II. ARGUMENT

### A. Counts I-IV should be dismissed for failure to state a claim

Sorg brings claims for I) Public Policy Tort; II) Negligent Supervision; III) Intentional Infliction of Emotional Distress; and IV) Defamation/False Light.[2] Complaint, p. 3-6. Plaintiff's allegations are wholly insufficient pursuant to Fed.R.Civ.P.12(b)(6). In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007), the United States Supreme Court held that in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 55. "Factual allegations must be enough to raise the right to relief above the speculative level." <u>Id.</u> According to the Supreme Court in <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937 (2009), "[t]hreadbare recitals of the elements of a cause of

---

[2] As discussed <u>infra</u>, Zwicker assumes arguendo, that Plaintiff is attempting to allege two distinct torts under Kentucky law at Count IV.

2

FILED UNDER SEAL

action, supported by mere conclusory statements, do not suffice." Id. at 1949. In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of the truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

"Two working principles underlie" the Twombly and Iqbal decisions concerning pleading standards. Iqbal, 129 S. Ct. at 1949. First, a well-pleaded complaint must contain more than legal labels and conclusions. A complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of "…an unadorned, the defendant-unlawfully harmed-me accusation." Id. at 1949 (citation omitted). Second, "only a claim that states a plausible claim for relief survives a motion to dismiss." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where the well-pleaded facts do not permit the court to infer more than the *mere possibility* of misconduct, the complaint has alleged – but it has not 'show[n]- that the pleader is entitled to relief.'" Iqbal, 1949 citing to Fed.R.Civ.P. 8(a)(2) (emphasis added).

As this Court very recently reaffirmed, "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." Brake Parts, Inc. v. Lewis, 2011 U.S. Dist. LEXIS 1411 (E.D. Ky. 2011) citing to Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). "Further, to survive a Rule 12(b)(6) motion, a complaint must contain either direct or inferential allegations respecting all the material elements [of each claim] to

3

FILED UNDER SEAL

sustain a recovery under some viable legal theory." Garret v. Structured Cabling Sys., 2010 U.S. Dist. LEXIS 102538 (E.D. Ky. 2010, Bunning, J.) (quotations and citation omitted). "A complaint will be insufficient if it tenders only 'naked assertion[s]' devoid of 'further factual enhancement.'" Hollowell v. Cincinnati Ventilating Co., 711 F. Supp. 2d 751 (E.D. Ky. 2010, Bunning, J) citing Twombly, 550 U.S. at 557. As detailed infra, Sorg fails to state a claim with respect to any of the counts he alleges.

   1. Sorg fails to state a claim for public policy tort

At Count I, Sorg asserts an amorphous claim for "public policy tort". Complaint, p. 3. While Kentucky law[3] has recognized a claim for wrongful discharge where an employer has retaliated against an employee for exercising a right conferred by well-established legislative intent, or refusing to violate the constitution or a statute, see Nelson Steel Corp. v. McDaniel, 898 S.W. 2d. 66, 69 (Ky. 1995), Sorg has not even pleaded the requisite legal elements of such a claim here, and certainly alleges deficient factual allegations in support thereof. "To fall within the public policy exception to the 'terminable-at-will' doctrine, an employee must prove: 1) that the discharge was contrary to a fundamental and well-defined public policy as evidenced by existing law; and 2) the policy must be evidenced by a constitutional or statutory provision.'" Id. citing to Grzyb v. Evans, 700 S.W.2d 399, 401 (Ky. 1985). Kentucky law further holds that the policy underlying the action must be clearly defined by statute and directed at providing statutory protection to the worker in an employment situation. Boykins v. Housing Auth. of Louisville, 842 S.W.2d 527 (Ky. 1992). The Kentucky Court of Appeals recently upheld the dismissal of an employee's claim that her discharge was allegedly in violation of public policy

---

[3] Kentucky law applies as in a diversity case, a federal court applies the substantive law of the state in which the court sits. Mill's Pride v. Cont'l Ins. Co., 300 F.3d 701 (6th Cir. 2002) citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

premised on judicial canons and personnel policies. Combs v. Administrative Office of the Courts, 2001 WL 1404366 (Ky. App. May 21, 2010) (attached at Exhibit 1).

In the instant case, Sorg alleges that he was terminated for "refusing to violate law" but fails to identify with any specificity any law to which he is referring. Sorg only alleges that he "alerted Defendant to *illegal acts*" … "but Defendant chose to isolate Plaintiff and/or to condone the *illegal acts* of the other managers/employees/agents." Complaint, ¶ 7 (emphasis added). He also alleges that "Defendant was made aware of the *illegal demands*, and that he refused "to violate the *established rules* of legal practice." Complaint, ¶ 11-12 (emphasis added). This is woefully insufficient of what is required to state a plausible claim for relief under the Twombly/Iqbal standard.

Sorg also alleges that Zwicker required him to meet a quota for the filing of a number of lawsuits, and that he provide "unsupported and false information to the Court." Complaint, ¶¶ 8, 10.[4] Such conclusory allegations are insufficient under the Twombly/Iqbal standard as there is a complete dearth of facts in support these claims. Sorg has failed to plead any information as to the substance of the illegal acts, or what allegedly false or unsupported information Sorg claims he was asked to provide to a court. These allegations do not properly put Zwicker "on notice" of any claims, and Zwicker is unable to respond to these vague and unsupported allegations.

    2. <u>Sorg fails to state a claim for negligent supervision.</u>

Under Kentucky law, a claim for negligent supervision requires a showing that defendant knew or had reason to know of the employee's harmful propensities; that the employee injured the plaintiff; and that the hiring, or retention of such an employee proximately caused the

---

[4] Taking all inferences in favor of Plaintiff, the required filing of a number of cases assigned to each attorney by a collection law firm, which often receives cases with an explicit instruction to file suit immediately, would not necessarily violate any law or ethical canon.

5

plaintiff's injuries. Grand Aerie Frat. Order of Eagles v. Carneyhan, 169 S.W.3d 840 (Ky. 2005). See also McDonald's Corp. v. Ogborn, 309 S.W.3d 274 (Ky. App. 2009) (noting Kentucky has adopted the Restatement (Second) of Agency, § 213 which illustrates the requirements of establishing a claim of negligent supervision). Once again, Sorg makes only conclusory and disjointed allegations. He fails to identify any of the employees that he claims Defendant failed to supervise, or screen, and draws no connection between this alleged nebulous failure and the "illegal acts" he references. He certainly provides no factual support for the legal element that the retention of such employees *proximately caused* the plaintiff's injuries.[5]

       3.  <u>Sorg fails to state a claim for the intentional infliction of emotional distress.</u>

"In order to make a claim of intentional infliction of emotional distress under Kentucky law, the following four elements must be established: (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends the generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe." Nationwide Mut. Ins. Co. v. Ramey, 2000 U.S. App. 25408 (6th Cir. 2000) citing to Kroger Co. v. Willgruber, 920 S.W.2d 61, 65 (Ky. 1996); Craft v. Rice, 671 S.W.2d. 247, 249 (Ky. 1984).

Here again, Plaintiff fails to state a claim under Fed.R.Civ.P. 12(b)(6). Plaintiff alleges that so called "retaliatory conduct" constitutes this tort, but no conduct other than the termination itself is pleaded. Moreover, there are no facts pleaded concerning any predicate conduct which

---

[5] Plaintiff even tosses in an allegation of "sexually hostile behavior". Complaint, ¶ 22. The pertinence of this is entirely unclear. There is no sexual harassment claim alleged, and what any "sexually hostile behavior" has to do with an alleged instruction to engage in unnamed illegal acts is completely unexplained. There are no facts alleged in support of this gratuitous statement.

FILED UNDER SEAL

allegedly gives rise to this "retaliatory conduct" other than a vague refusal to engage in unnamed illegal acts, requested by unnamed employees, at unnamed times. This simply does not meet the Twombly/Iqbal standard of a "factual allegation" sufficient to "raise a right of relief above the speculative level." A court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Assoc. Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). This Court should not do so here.

    4. <u>Sorg fails to state a claim for defamation or false light.</u>

In his final count, Sorg appears to conflate two separate and distinct torts into one. To the extent that he is alleging defamation, he again fails to make out a claim. Under Kentucky law, the elements of defamation are (1) a defamatory statement; (2) about the plaintiff; (3) which is published; and (4) which causes injury to reputation. Stewart v. The Pantry, Inc., 715 F. Supp. 1361 (W.D. Ky. 1988). Sorg presents no facts supporting that any false statements were made about him, does not state what the purported false statements were, makes no allegation that any such statement was "published" and does not present any facts that such a published statement caused injury to Sorg.

Moreover, Sorg even fails to allege the requisite legal elements in support of his claim. Kentucky courts have long recognized a qualified privilege in the employment context. See e.g., Stringer v. Wal-Mart Stores, Inc., 151 S.W. 3d 781, 796 (Ky. 2004). Sorg alleges that these statements were made to "several co-workers and managers". Complaint, ¶ 31. Where the alleged defamatory "communication is one in which the party has an interest and it is made to another having a corresponding interest," such a privilege is recognized. See Jenkins v. City of Russellville, 2007 U.S. Dist. LEXIS 52428 (W.D. Ky. 2007) citing to Stringer, 151 S.W. at 796. Thus, where alleged defamatory statements are made relating to the conduct of employees, such

statements only give rise to a cause of action if they were "maliciously uttered." Stringer, 151 S.W. at 795 citing to Stewart v. Williams, 218 S.W.2d 948, 950 (Ky. 1949). This "actual malice" standard "requires a showing of knowledge of falsity of the defamatory statement or reckless disregard of its truth or falsity." Stringer, 151 S.W. at 799 (citation omitted). To the contrary, Sorg alleges here that Defendant "*knew or should have known*" that the "*actions described herein*" somehow constituted defamation/false light. Complaint, ¶ 32 (emphasis added). Sorg has simply failed to plead the requisite elements for defamation in the employment context. As noted supra, the predicate facts for such elements are not provided either.

Furthermore, Fed.R.Civ.P. 8(a) requires that the complaint provide sufficient notice of the communications complained of to allow [the defendant] to defend itself. See McGeorge v. Continental Airlines, 871 F.2d 952 (10th Cir. 1989) (judging sufficiency of defamation complaint under rule 8(a)). When a complaint attempts to state a "traditionally disfavored" cause of action, such as defamation, courts have construed the complaint by a stricter standard. 5A Wright & Miller, *supra*, § 1357.[6]

To the extent that Sorg is attempting to assert a claim for the invasion of privacy or "false light", he fails yet again. The Kentucky Supreme Court recognizes a tort of the invasion of privacy when such a right is invaded by "publicity that unreasonably places the other in the false

---

[6] Although a defamation claim need not be plead with the specificity required under Fed.R.Civ.P. 9(b), the pleadings in a defamation case must be sufficiently detailed to allow for a response. See, e.g., Kelly v. Schmidberger, 806 F.2d 44, 45-6 (2d Cir. 1986) citing Liquori v. Alexander, 495 F. Supp. 641, 647 (S.D.N.Y. 1980) (providing that the complaint must at least give the defendant sufficient notice of the statements complained of to enable the defendant to mount a defense); Cohlmia v. Ardent Health Svs., LLC, 448 F. Supp. 2d 1253 (N.D. Okla. 2006); Linker v. Custom-Bilt Machinery, Inc., 594 F. Supp. 894, 902 (E.D. Pa. 1984). Plaintiff comes nowhere close here.

FILED UNDER SEAL

light before the public." McCall v. Courier-Journal and Louisville Times Co., 623 S.W.2d 882 (Ky. 1981). In analyzing a "false light" component of invasion of privacy specifically, the two basic requirements to sustain such an action are: "(1) the false light in which the other was placed would be highly offensive to a reasonable person, and (2) the publisher had knowledge of, or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other was placed." Id. citing to Restatement (Second) of Torts, Sec. 652E (1976).

As discussed supra concerning the defamation claim, there are no facts pleaded supporting a publication of any material, nor any facts concerning the content of what was allegedly published. Thus, it would be impossible for this Court to determine whether the material "would be highly offensive to a reasonable person" or whether the "publisher" had knowledge of or acted in reckless disregard concerning the falsity of the "publicized matter." As noted in the context of defamation, the legal element of reckless disregard is not even alleged, and thus the claim must be dismissed for that reason alone. Count IV is nothing but a bald listing of a tort, without even the pleading of the requisite elements of the tort alleged.

All of Sorg's counts, if ever sufficient under the former Conley v. Gibson standard, certainly do not pass muster under the Twombly/Iqbal standard now recognized in federal jurisprudence, and firmly established within the Sixth Circuit.

> **B. Counts I-IV should be dismissed because they will necessarily require the disclosure of privileged attorney-client communications and other confidential information**
>
> > 1. Kentucky Rule of Professional Responsibility 1.6 and other confidentiality restrictions bar Sorg's claims

Even if Sorg had pleaded his allegations sufficiently under the Twombly/Iqbal standard, which he did not, he still should not be allowed to go forward with his claims because such claims, to the extent he could support them, would necessarily require the disclosure of

FILED UNDER SEAL

privileged attorney-client communications, and other confidential information. As a Kentucky attorney, Sorg is subject to Kentucky Rule of Professional Responsibility 1.6, which imposes an ethical duty that presumptively prohibits him from revealing "information relating to the representation of a client." KRPC 1.6. This duty of confidentiality, which continues after the attorney-client relationship ends, is broad and applies not merely to matters communicated by the client but also to all information relating to the representation, whatever its source. See Stepak v. Addison, 20 F.3d 398, 406 (11th Cir. 1994) ("The lawyer's ethical duty of confidentiality is much broader than the scope of the attorney-client evidentiary privilege").[7]

       2. Sorg cannot reveal confidential information concerning Zwicker because he rendered legal advice to Zwicker.

While the issue of whether Sorg can reveal confidences regarding Zwicker, given his rendering of legal advice to Zwicker, appears to be one of first impression in Kentucky, several courts have held such claims are prohibited. See Balla v. Gambro, Inc., 584 N.E.2d 104 (Ill. 1991) (barring such claims by in-house counsel unconditionally); Herbster v. N. Am. Co., 501 N.E. 343, 348 (Ill. App. Ct. 1986) (same.)

Other courts, while allowing claims by in-house counsel against their employers, have significantly limited the manner in which they can be brought. See also Willy v. Coastal States Mgt Co., 939 S.W.2d 193, 2000 (Tex. Ct. App. 1996) (holding such a claim could only be made if "claim can be proved without any violation of his ethical obligation to respect client confidences and secrets"). In General Dynamics v. Superior Court, 876 P.2d 487, 490 (Cal. 1994), the California Supreme Court held that "the suit must be dismissed" where the elements of wrongful discharge cannot be ethically established without breaching attorney-client privilege.

---

[7] Sorg is also barred from pursuing such claims due to a confidentiality agreement that he signed with Zwicker, and because he cannot reveal information concerning debtors under federal and state law.

FILED UNDER SEAL

The Massachusetts Supreme Judicial Court has held that the claim will be recognized "only in narrow and limited circumstances" where the claim "can be proved without any violation of the attorney's obligation to respect client confidences and secrets.").

Courts barring such claims by in-house attorneys have pointed out the severe negative effect that such claims could have on the attorney-client relationship, and the near sacrosanct attorney-client privilege:

> [I]f in-house counsel are granted the right to sue their employers for retaliatory discharge, employers might be less willing to be forthright and candid with their in-house counsel. Employers might be hesitant to turn their in-house counsel for advice regarding potentially questionable corporate conduct knowing that their in-house counsel could use this information in a retaliatory discharge suit.

Balla, 584 N.E.2d at 109; see also Herbster v. N. Am. Co., 501 N.E.343, 348 (Ill. App. Ct. 1986) (courts should not "permit this expansion of the [retaliatory discharge] exception which would have a serious impact on that relationship").

Further, the public policy underlying a tort of retaliatory discharge is also absent here. Allowing non-attorneys to sue for retaliatory discharge provides an incentive for employees not to be complicit in employer's misconduct. Such a policy has no basis here as an attorney is barred from engaging in such conduct under the Kentucky Rules of Professional Conduct. An attorney may withdraw if a client is engaging in illegal activity. KRPC, 1.16.[8] See Balla, 584 N.E. at 109 (stating that unlike other employees, in-house attorneys "do not have a choice of whether to follow their ethical obligations as attorneys . . . or follow the illegal and unethical demands of their clients . . . ."). Thus, public policy "is adequately safeguarded without extending the tort of retaliatory discharge to in-house counsel." Id. at 108-109.

---

[8] It is notable that Zwicker had never received any notice of any complaint that Sorg has filed with the Kentucky Bar Association. Sorg would be obligated to report illegal behavior under KRPC 8.3.

FILED UNDER SEAL

### 3. Sorg cannot reveal confidential information concerning Zwicker's clients

If Sorg is allowed to proceed with his claims, it will not only involve the disclosure of confidential information concerning Zwicker, it will involve the disclosure of confidential information concerning Zwicker's clients. While Sorg's claims lack the requisite facts to state a claim under the Twombly/Iqbal standard, the prosecution of such claims, or an amended complaint seeking to cure its deficiencies could very likely disclose confidential information concerning the clients involved in Zwicker's alleged "illegal acts".[9] Sorg accuses Zwicker of "illegal acts" and a lack of "proper and ethical evaluation" prior to filing. Complaint, ¶¶ 7-8. Plaintiff also alleges the filing of improper lawsuits, and that he was required to provide "unsupported and false information to the Court". Complaint, ¶¶ 8-10. Supporting these allegations would mandate divulging confidential information not only of Zwicker, but also of Zwicker (and Mr. Sorg's) clients.[10] Of course, if these alleged illegal activities had taken place, Sorg's own involvement in such actions, and any failure to report same, would be a centerpiece of this litigation, triggering a multitude of ethical issues for both parties.

Sorg has made no claim against any of Zwicker's clients, and any privileged and/or confidential information concerning such clients is *absolutely* barred.[11]

---

[9] Taking all inferences in favor of Plaintiff at this point, a complaint in compliance with the Twombly/Iqbal standard would necessarily reveal confidential information.

[10] Further, it is difficult to imagine how Zwicker could rebut, or put this claim in context, without revealing privileged and confidential information concerning its clients, or confidential information concerning debtors.

[11] Kentucky Rules of Professional Conduct 1.6 provides for limited exceptions to the duty of attorney confidentiality including revealing information relating to the representation of a client if necessary "to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client." Some courts have interpreted this "claim or defense" provision as permitting an in house attorney to disclose confidential information to maintain an employment-related claim. See, e.g., Crews v. Buckman Labs. Intern'l, Inc., 78 S.w.3d 852, 863 (Tenn. 2002). Other courts and commentators have suggested that this provision relates to fee disputes. See e.g., Willy v. Coastal States Mgt. Co., 939 S.W.2d 193, 200 n.6 (Tex. Ct. App. 1996) (noting

FILED UNDER SEAL

### C. If Sorg is allowed to maintain any of his claims, this Court should order that all filings be made under seal, and review all materials *in camera*

Even where jurisdictions allow an in-house attorney to bring a wrongful discharge claim, the former employee still has a serious obligation to maintain confidences. Hoffman v. Baltimore Police Dep't, 379 F. Supp. 3d 778 (784 (D. Md. 2005). For example, in Spratley v. State Farm Mut. Ins. Co., 2003 UT 39 (2003), the court, while allowing a claim to proceed, noted that former counsel and trial courts "must exercise great care in disclosing confidences." Spratley, 2003 UT at 21. Spratley further stressed that any disclosures made by the attorney "not reasonably necessary to the claim may still subject that attorney to professional discipline or litigation sanctions." Id. at 22.

The Spratley court further noted that notwithstanding the continued obligation of the attorneys, the court should use its inherent authority to govern the conduct of its proceedings to safeguard against overbroad disclosure. Id. See also General Dynamics, 876 P.2d at 504 (noting measures such as sealing records and in camera review are "but some of a number of measures that might usefully be explored by trial courts").

Spratley also noted:

> The trial court has numerous tools it must employ to prevent unwarranted disclosure of the confidential information, including the use of sealing and protective orders, limited admissibility of evidence, orders restricting the use of testimony in successive proceedings, and, where appropriate, in camera proceedings.

Id. at 21 (citations omitted).

Allowing Sorg to go forward would only be theoretically possible if he were allowed to amend his complaint as he has failed to state a claim. The court should decline any request to

---

comments specifically reference a lawyer collecting a fee); Kachmar v. Sunguard Data Sys. Inc., 109 F.3d 173, 179 (3d Cir. 1997) (finding the provision is "at best inconclusive"). This exception, even if relied upon, cannot possibly apply to Zwicker's clients.

amend as such an allowance would be would be futile. See, e.g., Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995) (noting motion to amend should be denied for variety of reasons including futility). If this Court, however, is inclined to allow an amended complaint, or allows any portion of the instant complaint to remain, this Court should order a sealing of all filings, and/or conduct an *in camera* review of any facts put forward in support of Sorg's claims.[12]

### III. CONCLUSION

Based on the foregoing, this Court should dismiss Plaintiff's claims, and/or order that all filings be made under seal, and reviewed *in camera*.

Dated: January 19, 2011

Respectfully submitted,

_____
Jan M. West
GOLDBERG SIMPSON, LLC
9301 Dayflower Street
Prospect, KY 40059
Phone:(502) 589-4440/Fax: (502) 581-1344
jwest@goldbergsimpson.com
*Counsel for Defendant,*
*Zwicker & Associates, P.S.C.*
*a/k/a Zwicker & Associates, P.C.*

---

[12] Defendant also reserves the right to file a motion for a protective order pursuant to Fed.R.Civ.P.26(c). Mindful that the filing of a protective order would be considered a discovery motion, Defendant's counsel will confer with Plaintiff's counsel pursuant to LR 37.1 regarding a protective order. Given Plaintiff's failure to state a claim, and Defendant's complete lack of notice concerning the allegations, the drafting of one at this point may be difficult.

FILED UNDER SEAL

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2011, I filed the foregoing document UNDER SEAL with the clerk of the USDC court, and served a copy via U.S. mail on the following:

Barbara D. Bonar
Theresa M. Mohan
B. DAHLENBURG BONAR, P.S.C.
3611 Decoursey Avenue
Covington, Kentucky 41015

_____
Jan M. West