<u>Sorg v. Zwicker & Associates, P.C., Docket No. 11-cv-0006-DLB-CJS</u>

**Summary of Dispute Necessitating a Conference Call with Magistrate Judge Smith**

This summary is being submitted at the request of the Court in advance of the parties' conference call with Magistrate Judge Smith on September 26, 2012 at 1:30 pm. The subject matter of the call concerns a discovery dispute between the parties.

Plaintiff initiated this action on December 22, 2010 by filing a Complaint in the Circuit Court of Boone County, Kentucky. The defendant, Zwicker & Associates, P.C. ("Zwicker"), removed the action to federal court on January 12, 2011. On January 4, 2012 Zwicker noticed the deposition of plaintiff Steven Sorg to take place on February 13, 2012. More than two weeks later, on January 20, 2012, the Plaintiff noticed the depositions of three Zwicker employees, scheduling them to take place on February 13-14, 2012. At this same time, the Plaintiff told Zwicker that Mr. Sorg would not be made available on the date noticed unless Zwicker agreed to appear in Kentucky on February 13-14 for the depositions of Zwicker employees. Ultimately, none of the depositions noticed for February 2012 took place. Zwicker maintains now, as it has since January 2012, that the deposition of Mr. Sorg should proceed first, before all others, as it was noticed two weeks prior to any Notice of Deposition issued by the Plaintiff in this case.

After filing his Initial Disclosures on February 7, 2012, the Plaintiff did nothing to advance this case until September 6, 2012 – three weeks prior to the close of discovery – when he sent Notices of Deposition to four Zwicker employees. The depositions were scheduled to take place two weeks after the Notices were served at the office of Plaintiff's counsel in Covington, Kentucky. However, not one of the Zwicker employees to be deposed lives in Kentucky or regularly conducts business out of Zwicker's Kentucky office, in person or otherwise. Rather, three of the four Zwicker employees work almost exclusively out of

1

Zwicker's principle place of business in Andover, Massachusetts, while the fourth Zwicker employee works out of the company's Tempe, Arizona office. For these reasons, it is Zwicker's position that Plaintiff must take the depositions of these four Zwicker employees in Massachusetts.

The only basis provided by the Plaintiff for his refusal to proceed with the depositions in Massachusetts is the financial expense that would result from traveling outside of Kentucky. Pursuant to generally accepted legal principles, this is not a sufficient reason to force a deponent to travel from his state of residence to appear for a deposition. Counsel for the parties have had two telephone conversations in an attempt to resolve this dispute in good faith. Unfortunately, the parties were unable to reach a mutually agreeable compromise which has necessitated intervention by the Magistrate Judge.

Zwicker's position on this issue is derived from the "presumption that there is good cause for a protective order when a deposition is noticed for a location other than the defendant's place of residence…Therefore, when a defendant objects to a deposition being taken at a place other than his residence, the objection should be sustained, unless there are unusual circumstances which justify such an inconvenience to the defendant." Steppe v. Cleverdon, 2007 U.S. Dist. LEXIS 54154, *5-6 (E.D. Kent., 2007). This general rule is particularly apt where it is the Plaintiff who exercises his choice of forum in the first instance. Id. In Steppe, the Court concluded that the additional financial burden on a plaintiff from having to travel to conduct a deposition does not constitute a sufficiently "unusual circumstance" to warrant deviation from the generally accepted rule that an individual be deposed in the forum where he resides.

The same result was reached in Morin v. Nationwide Federal Credit Union, 229 F.R.D 362 (D. Conn. 2005) where the plaintiff sought to depose an employee of the corporate

2

defendant in a jurisdiction outside the deponent's residence and the company's principle place of business. As was the case in Steppe, the Morin Court considered the financial burden on a plaintiff in having to travel to depose the corporate defendant's employee. However, the Court ultimately ruled that increased financial burden is not sufficiently "remarkable" or "peculiar" to require a corporate defendant's employee to travel outside his state of residence to appear for deposition. Id. at 363 ("While cognizant of the fact that travel to Ohio is both costly and time-consuming, the court finds that the plaintiffs have failed to describe any peculiar reasons why the depositions should not take place at the deponent's principal place of business."). See also Estate of Barry v. State Farm Mutual Automobile Insurance Co., 2011 U.S. Dist LEXIS 37841 (E.D. Mo. 2011).

In the instant case, Plaintiff Sorg seeks to depose *four* different Zwicker employees, none of whom reside or regularly do business in Kentucky, demanding that each incur the substantial burden of traveling from their homes and their places of business simply because the Plaintiff filed this lawsuit in the state of his own residence. A balancing of the equities, in conjunction with the generally accepted rule of law on this issue, mandates that Plaintiff be required to take these four depositions in Massachusetts. Moreover, the deposition of Mr. Sorg should proceed before the subsequently-noticed depositions of Zwicker employees. Mr. Sorg's deposition was noticed first in this case and was scheduled to proceed before all others until scheduling issues prevented the taking of any depositions in February, 2012.

4846-2077-6209.1