UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

STEVEN SORG                      )

        **PLAINTIFF**        ) Case No. 2:11-cv-00006-DLB -CJS

**v.**

ZWICKER & ASSOCIATES, P.C.    )

        **DEFENDANT**     )

## ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES PROPOUNDED ON PLAINTIFF STEVEN SORG

### INTERROGATORY NO. 1

Identify each individual who prepared, assisted or provided any information for purposes of preparing or assisting in the answering of these interrogatories and for each individual so identified, identify the particular Answer(s) for which he/she prepared, assisted or provided information for purposes of preparing or assisting.

**ANSWER:**    For question 1(a):  Steven Sorg.
                  For question 1(b):  All answers were by Steven Sorg.

### INTERROGATORY NO. 2

Identify each and every document used in any manner to prepare or assist in preparing any of the Answers to these Interrogatories and, for each such document, identify the particular Answer(s) or portion thereof for which it was used.

**ANSWER:**    Objection, as this question is onerous, unduly burdensome and improper as an Interrogatory request.  Further, Interrogatory No. 2 is a compound question.


Barbara D. Bonar

1

For 2(a) and 2(b):
Notwithstanding such objections, Plaintiff has relied on all documents in his possession to respond to these Interrogatories. Such documents will be produced in response to properly propounded Requests for Production.

## INTERROGATORY NO. 3

Identify each and every document by date and characterization as to substance in your possession, custody, or control which was created or prepared by any Zwicker employee in the course of their employment with Zwicker, whether or not you have produced said document to your attorney as of the date of this request.

**ANSWER:**   All documents responsive to this request will be produced.

## INTERROGATORY NO. 4

If you have ever been arrested, state the number of times you were arrested, the location of each arrest, the charge, allegation, or offense which was the subject of each arrest, and the outcome of any legal proceedings which arose as a result of each arrest.

**ANSWER:**   Objection. This Interrogatory calls for information beyond the scope of discoverable evidence.

Barbara D. Bonar

For 4(a) (b) (c) and (d):
Notwithstanding such objection, Mr. Sorg has had two arrests approximately twenty years ago: One related to a traffic incident charged with "standing too close to the highway" (approximately 1994); and the other related to a charge of "public disturbance" in a crowd situation (approximately 1995-1996).

## INTERROGATORY NO. 5

Identify each and every person whom you believe has, may have, or claims to have any information concerning this case, any allegation contained in the Amended Complaint,

2

and/or your employment with or termination from Zwicker, and for each person so

identified, identify them by name, address, and describe in detail the information that the

person has, may have, or claims to have.

**ANSWER:**   5(a):  In addition to Plaintiff, the following persons are responsive to this Interrogatory:

| | |
|---|---|
| Jamie Walker | Anne Smith |
| Carlo Erna | Bill Secor |
| Christi Perri | Jay Zanini |
| Jennifer Haly | Mike Koziol |
| Carrie Tucker | Liana Colbert |
| John Twite | Jessica Bradford |
| Robert Thuotte | Jillian Besaw |
| Robert Harris | James Darsney |
| Paul Zwicker | Barbara Carnevale |
| Dwight Baylor | Jessica Isaacs |
| Junel Duncan | Gary T. Shore |
| Mireille Vartanian | Aaron Jeskey |
| Kim Weseman | Erin Reczek |
| Sharon Martin | Jay Figaro |
| Clinton Burton | Sharon Hopkins |
| Teresa Robinson | Bob Oldham |
| Jack Wehr | Brandi Whitley |
| Gary Mackenzie | Jennifer Holder |
| Chris Muse | Sarah Lewis |
| Joe Beheimer | Brian Wilson |
| Derek Scranton | Tom Hehman |
| Richard Gabelman | |

Unknown representative of American Express charged with execution of affidavits for claims filed.

Unknown representative of Discover Bank charged with execution of affidavits for claims filed.

Unknown representative of Bank of America charged with execution of affidavits for claims filed.

Unknown representative of CitiBank charged with execution of affidavits for claims filed.

Unknown representative of G.E. Moneybank charged with execution of affidavits for claims filed.

3

Kelley Walsh

Melissa Sorg

Dr. Craig Sanders

All persons listed on the attached staffing document, dated December 11, 2009, (Bate Stamped _____ to _____).

Will supplement when additional information becomes available.

5(b):  Objection, this question is onerous and unduly burdensome.

Barbara D. Bonar

## INTERROGATORY NO. 6

For each individual identified in your Answer to Interrogatory No. 5, state whether you have requested, obtained or intend to request or obtain a written affidavit or statement from that person concerning the information they possess relating to this case, or whether you intend to or may call them as a corroborating witness at trial.

**ANSWER:**   Objection.  The extent of this answer calls for attorney work-product or attorney-client communication.

Barbara D. Bonar

Notwithstanding such objection; 6(a), for all persons identified, Plaintiff may request or obtain a written statement; 6(b), for all persons identified, Plaintiff may call them as a witness at trial.

## INTERROGATORY NO.7

Identify each and every communication (stating the date, the method of communication, and the substance of the communication) you have had with any individual (except your legal counsel), including but not limited to present or former representatives,

4

agents or employees of Zwicker, concerning this case, the subject matter of the Amended

Complaint, or the facts relating to this case.

**ANSWER:**   Objection.  Such Interrogatory is vague, onerous, and overly burdensome.  Such question is a compound question.

Barbara D. Bonar

7(a):  Notwithstanding such objection, Plaintiff has communicated with all persons identified in response to Interrogatory No. 5, regarding the facts related to this case, with the exception of the "unknown representatives" listed, and with the further exception of clerical persons from Branch Offices identified in the attached Staffing List.

7(b):  Plaintiff stands by its objections.

**INTERROGATORY NO. 8**

Identify each and every instance when you complained to a director, officer, manager

or other employee or representative of Zwicker concerning discrimination, favoritism, sexual

harassment, retaliatory conduct of any kind, failure to be provided with sufficient staff, support

or assistance, dissemination of personal or confidential information, irrespective of whether the

information disseminated is allegedly true or false, or any other illegal act committed by a

director, manager, employee or other representative of Zwicker, including in your Answer the

date and time of your complaint, the identity of the person to whom you complained, whether

the complaint was oral, written or electronic, the substance of your complaint, and the identity

of any witnesses to your complaint.

**ANSWER:**   Objection.  Such Interrogatory is vague, onerous, and unduly burdensome.

Barbara D. Bonar

8(a):  Notwithstanding such objection, complaints were made by Sorg to the following managers concerning illegal activities:

5

Bob Thuotte
Robert Harris
Dwight Baylor
Kim Weseman
Liana Colbert
John Twite
Jay Zanini
Sharon Martin
Tim Hehman
Barbara Carnievale
Junel Duncan
Shannon Pawley
Raymond Lee
Denise Arnold
Brian Szilvasy
Maxuan Koski

See also answer to Interrogatory No. 5.

8(b):  Plaintiff stands by his objection.

## INTERROGATORY NO. 9

In addition to the complaints identified in your Answer to Interrogatory No. 8, identify each and every instance in which you were the victim of discrimination, favoritism, sexual harassment, retaliatory conduct of any kind, failure to be provided with sufficient staff, support or assistance, dissemination of personal or confidential information, irrespective of whether the information disseminated is allegedly true or false, or any other illegal act committed by a director, manager, employee or other representative of Zwicker during the term of your employ at Zwicker, including in your Answer the date and time of the discriminatory conduct, the identity of the person engaging in the discriminatory conduct, the substance of the discriminatory conduct, and the identity of any witnesses to the discriminatory conduct.

**ANSWER:**   Object to the form, as it calls for a legal conclusion and invades the province of the jury.  Object as this Interrogatory is vague, onerous and unduly burdensome.

6



Barbara D. Bonar

Notwithstanding such objection, 9(a) & (c), Plaintiff was the victim of Kim Weseman's sexual advances and Plaintiff was the victim of extensive retaliatory conduct by several Zwicker managers, including demotion, termination, and forced use of vacation time.

9(b) (d) & (e): Plaintiff is not in a position to know all persons involved in those decisions, nor the date or time of such conduct or the substance or all witnesses.

## INTERROGATORY NO. 10

State and identify with particularity any damages you allege to have suffered as a result of the wrongful or illegal conduct of Zwicker as alleged in your Amended Complaint, including but not limited to lost income, lost benefits, medical expenses, emotional distress, and/or mental trauma/anxiety, stating specifically both the monetary amount/value of any damages you claim to have suffered and any consequential damages you claim to have suffered, whether monetary or not.

**ANSWER:**    10(a):  Damages include lost income, lost benefits, emotional distress, loss of reputation, misappropriation of name and likeness, attorneys fees and costs, and punitive damages.

10(b):  Will be supplemented.

## INTERROGATORY NO. 11

State whether you have ever seen a therapist, psychiatrist, psychologist or any other mental health professional of any kind concerning or relating to any alleged mental or emotional distress you claim to have suffered as a result of the wrongful or illegal conduct of Zwicker as alleged in your Amended Complaint, and identify each therapist, psychiatrist, psychologist or mental health professional you have seen by name, address, and dates upon which any visits were conducted (whether in person or by telephone or other medium).

7

**ANSWER:**   Not at this time.

**INTERROGATORY NO. 12**

State and identify with particularity each and every public policy you claim Zwicker

violated in connection with the claims and allegations set forth in the Amended Complaint.

**ANSWER:**   Objection. Calls for a legal conclusion and invades the provence of the jury.
Such Interrogatory is vague, onerous, and unduly burdensome.

Barbara D. Bonar

**INTERROGATORY NO. 13**

State and identify with particularity each and every state or federal constitutional

provision or statute that you contend Zwicker has violated in connection with the claims and

allegations set forth in the Amended Complaint.

**ANSWER:**   Objection. Calls for a legal conclusion and invades the provence of the jury.
Compound question. Such Interrogatory is vague, onerous, and unduly
burdensome.

Barbara D. Bonar

**INTERROGATORY NO. 14**

If you claim that you were terminated for having exercised a right conferred by a well-

established legislative enactment, describe in detail that right and/or that legislative enactment

place.

**ANSWER:**   Objection. Calls for a legal conclusion and invades the provence of the jury.
Compound question. Such Interrogatory is vague, onerous, and unduly
burdensome.

Barbara D. Bonar

8

**INTERROGATORY NO. 15**

Identify by name and position each and every Zwicker employee, officer, director or other individual "in Defendant's employ" to whom you refer in paragraph 178 of the Amended Complaint, stating as part of your answer the particular act and/or omission committed by each individual that made Zwicker's hiring, supervision, or retention of them negligent, reckless, or careless, and identify all facts or evidence that demonstrate Zwicker was aware of the particular act and/or omission at issue.

**ANSWER:**   Objection. Calls for a legal conclusion and invades the provence of the jury. Further object, since this is a complex and compound question. Such Interrogatory is vague, onerous, and unduly burdensome.

Barbara D. Bonar

15(a): Notwithstanding such objections, this response would include persons identified in response to Interrogatory Nos. 5 and 9.

15(b): Plaintiff stands by its objection.

**INTERROGATORY NO. 16**

State and identify with particularity each and every tort committed against you by Zwicker or any employee of Zwicker, and identify all facts or evidence that demonstrate Zwicker was aware of the particular tort at issue.

**ANSWER:**   Objection. Calls for a legal conclusion and invades the provence of the jury. Compound question. Such Interrogatory is vague, onerous, and unduly burdensome.

Barbara D. Bonar

**INTERROGATORY NO. 17**

State and identify with particularity each and every "improper demand" referenced

in paragraph 180 of the Amended Complaint.

**ANSWER:**    Objection.  Calls for a legal conclusion and invades the province of the jury.
Compound question.  Such Interrogatory is vague, onerous, and unduly
burdensome.

Barbara D. Bonar

Notwithstanding such objections, some of the improper demands relate to those
made regarding:

    a.  Zwicker's purported sexual harassment "investigations"' and failures to
properly investigate them.

    b.  Zwicker's acknowledged support of illegal sexual harassment by managers.

    c.  Zwicker's quota-based litigation which violated ethical rules.

    d.  Zwicker's failure and refusal to provide Plaintiff unfettered access to
resources and personnel required so as to properly present cases to the
tribunal.

**INTERROGATORY NO. 18**

State and identify with particularity each of your "rights" to which you refer in

paragraph 181 of the Amended Complaint.

**ANSWER:**    Objection.  Plaintiff is not required to respond to more than 30 Interrogatories.

Barbara D. Bonar

**INTERROGATORY NO. 19**

State and identify with particularity each instance of retaliatory conduct committed by

Zwicker to which you refer in paragraph 184 of the Amended Complaint, including

retaliatory conduct committed both during your employment with Zwicker and after your

10

termination from Zwicker, stating in your answer the date on which the retaliatory conduct occurred, the identity of the particular individual committing the retaliatory conduct, if applicable, and any witnesses to the retaliatory conduct.

**ANSWER:**     Objection.  Plaintiff is not required to respond to more than 30 Interrogatories.



Barbara D. Bonar

### INTERROGATORY No. 20

State and identify with particularity each and every act and/or omission committed by you which gave rise to the instances of retaliatory conduct committed by Zwicker or its employees as set forth in your answer to Interrogatory No. 19.

**ANSWER:**     Objection.  Plaintiff is not required to respond to more than 30 Interrogatories.



Barbara D. Bonar

### INTERROGATORY NO. 21

State and identify with particularity each and every "false and defamatory statement" statement to which you refer in paragraph 188 of the Amended Complaint, including in your answer as to each allegedly "false and defamatory" statement the date on which the statement was made, the person(s) who made the statement, the person(s) to whom the statement was made, the location where the statement was made, and any witnesses to the statement.

**ANSWER:**     Objection.  Plaintiff is not required to respond to more than 30 Interrogatories.

Barbara D. Bonar

**INTERROGATORY NO. 22**

As for each statement identified in response to Interrogatory No. 21, state the basis for why the statement is allegedly "false and defamatory," including in your answer an identification of all facts or evidence which support your contention that the statement was "false and defamatory."

**ANSWER:**    Objection.  Plaintiff is not required to respond to more than 30 Interrogatories.



**INTERROGATORY NO. 23**

State and identify with particularity each and every act and/or omission committed by Zwicker which you allege in paragraph 192 of the Amended Complaint constitutes "harassment," "retaliation," "illegal actions," and/or "sexual harassment."

**ANSWER:**    Objection.  Plaintiff is not required to respond to more than 30 Interrogatories.

**INTERROGATORY NO. 24**

State and identify wit particularity each and every "protected activity" to which you refer in paragraph 193 of the Amended Complaint, including as part of your answer the particular act of retaliation and/or adverse action committed by Zwicker against you in response to each "protected activity" listed in this answer.

**ANSWER:**    Objection.  Plaintiff is not required to respond to more than 30 Interrogatories.



12

**INTERROGATORY NO. 25**

State and identify with particularity all allegedly adverse employment actions taken against you by Zwicker, including in your answer all facts or evidence which demonstrate that each allegedly adverse employment action was motivated by retaliation for your having engaged in a protected activity.

**ANSWER:**   Objection.  Plaintiff is not required to respond to more than 30 Interrogatories.

Barbara D. Bonar

13

## CERTIFICATE OF SERVICE

I hereby certify that on November __, 2012 I served a copy of the foregoing by e-mail and by regular U.S. mail to the following:

Laura R. Studen, Esq.
Lawrence Murray, Esq.
Michael Samarel, Esq.
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
lstuden@burnslev.com
lmurray@burnslev.com
msamarel@burnslev.com

B. DAHLENBURG BONAR, P.S.C.

BARBARA D. BONAR, (KBA #2213)
Attorneys for Plaintiff
3611 Decoursey Avenue
Covington, Kentucky 41015
Phone: 859-431-3333

15

STAFFING AS OF 12/11/09

| | A | B |
|---|---|---|
| 1 | Employee Name | Title & Duties |
| 2 | | |
| 3 | ZAAZ | |
| 4 | Sarah De La Rosa | Managing Attorney |
| 5 | M'Cori Van Ess | Attorney |
| 6 | Stephanie Michael | Litigation Assistant |
| 7 | Lisa Ogle | Litigation Assistant |
| 8 | Jennifer Ross | Litigation Assistant |
| 9 | Brianne Lydon | Litigation Assistant |
| 10 | Julie Nelson | Litigation Assistant |
| 11 | Michael Stoll | Litigation Assistant |
| 12 | Celeste Slingbaum | Litigation Assistant |
| 13 | Rebecca Jolgern | Litigation Assistant |
| 14 | Jesse Robbins | Litigation Assistant |
| 15 | Rebecca Underwood | File Clerk |
| 16 | | |
| 17 | ZACA | |
| 18 | Raymond Lee, Esq. | Managing Attorney |
| 19 | W. John Lo, Esq. | Attorney |
| 20 | Debbie Brissette | Manager - Litigation/Office Management |
| 21 | Kenneth Abrams | Litigation Assistant - Dismissal/DJP Mail Prep |
| 22 | Guillermo Angel | Paralegal - Contested Case Management |
| 23 | Natalie Flores | Litigation Assistant - Complaint Prep/Declaration Tracking/Docketing |
| 24 | Matthew Hudgins | Litigation Assistant - New Account Prep/Complaint Prep/Service Returns |
| 25 | Michael Knedel | Litigation Assistant - Dismissal/Certificate of Service/Notice Prep/DJP Mail Prep |
| 26 | Vann Ligon | Litigation Assistant - DJP Prep/Judgment Prep |
| 27 | Joe Pacheco | Litigation Assistant - Final Complaint Prep/Declaration Prep/Document Request |
| 28 | Jasmine Rodriguez | Litigation Assistant - Document Management |
| 29 | Sean Shiffman | Paralegal - New Case/Default Management |
| 30 | Marie Williams | Litigation Assistant - Document Intake/Docketing/Reception |
| 31 | | |
| 32 | ZACN | |
| 33 | Arthur Tessimond | Attorney |
| 34 | | |

| | A | B |
|---|---|---|
| 35 | ZACT | |
| 36 | Kevin Hughes | Managing Attorney |
| 37 | Nicole Mercey | Litiation Assistant |
| 38 | | |
| 39 | ZAGA | |
| 40 | Denise D. Arnold, Esq. | Managing Attorney |
| 41 | Kimberly D. Wells | Operations Manager |
| 42 | Cecily J. McLeod, Esq. | Staff Attorney |
| 43 | Donnika D. Stance, Esq. | Staff Attorney |
| 44 | | |
| 45 | Litigation Preparation Team | |
| 46 | DeQueon Peterson | Litigation Preparation Supervisor-Suit Preparation (AmEx, Discover, Teri, John Deere)/Voids |
| 47 | Jessica Stalings | Atlas Coordinator |
| 48 | Sandra Coles | Litigation Assistant-Suit Preparation (Chase & BOA) |
| 49 | Nicolasa Usher | Litigation Assistant-Suit Preparation (Citibank) |
| 50 | Shanika Williams | Litigation Assistant-Suit Preparation (Citibank) |
| 51 | Erica Williams | Administrative Assistant-Receptionist/Scanning/Mail Processing |
| 52 | Talia Carson | Administrative Assistant |
| 53 | Kirsty Mulholland | Administrative Assistant |
| 54 | Johanna Severino | File Clerk |
| 55 | | |
| 56 | Litigation Support Team | |
| 57 | Karena Sanders | Litigation Support Supervisor-Answers (Citibank, GE, BOA, Teri) |
| 58 | Monique Lindsay | Paralegal-Discovery |
| 59 | Janice Williams | Paralegal-Calendars |
| 60 | Vanika Mailino | Litigation Assistant-AFJ/Judgment Forms |
| 61 | Takiyah Teague | Litigation Assistant-Default Judgments |
| 62 | Krishandra Batiste | Paralegal-Answers (AmEx, Discover, Chase, John Deere) |
| 63 | Lory Smith | Administrative Assistant-Defaults |
| 64 | Silver Sanders | Administrative Assistant-Answers |
| 65 | | |
| 66 | Post-Judgment Execution Team | |
| 67 | Wallette Lockwood | Post-Judgment Execution Supervisor-Garnishment Preparation (Citibank) |
| 68 | Heather Jonovitch | Garnishment Preparation (Chase) |
| 69 | Darren Wilson | Garnishment Preparation (AmEx, BOA, Discover) |
| 70 | Kayla Savoy | Dismissals/Garnishment Releases/FIFA Cancellations/Vacating Judgments |
| 71 | Latasha Beavers | Administrative Assistant |
| 72 | | |
| 73 | ZAFL | |
| 74 | Brian K. Szilvasy | Managing Attorney |

| | A | B |
|---|---|---|
| 75 | G. Michael Samples, II | Attorney |
| 76 | Holly Grimes | Office Manager |
| 77 | Danielle Allen | Litigation Assistant; Default Judgemts |
| 78 | Stephanie Keyser | Litigation Assistant; Contested Litigation Files |
| 79 | Christopher Todd Owen | Litigation Assistant; New Suits and Post Judgment Discovery |
| 80 | April Bayer | Litigation Assistant; New Suits |
| 81 | Cassandra Shaw | Litigation Assistant; New Suits |
| 82 | Sabrina Moore | Litigation Assistant; Stipulations and AFJs |
| 83 | Ryan Fields | Litigation Assistant, Dismissals, Post Judgment Discovery |
| 84 | | |
| 85 | ZAIL | |
| 86 | MyXuan Koski | Managing Attorney |
| 87 | Christopher Grimes | Paralegal-Office Manager/ Pre-Judgment Case Management |
| 88 | Ashley Brown | Litigation Assistant/ New Suits Case Management/ Settlements |
| 89 | Natalie Tucker-Courtenay | Litigation Assistant/ Post Judgment Case Management |
| 90 | | |
| 91 | ZAKY | |
| 92 | Janell L. Duncan | Managing attorney |
| 93 | Steven V. Sorg | Attorney |
| 94 | Christi Perri | Litigation Supervisor |
| 95 | Jessica Isaacs | Litigation Assistant |
| 96 | Jennifer Haley | Litigation Assistant |
| 97 | Aniko Nelson | Intern |
| 98 | | |
| 99 | ZAMA | |
| 100 | Jennifer Bockstahler | Assistant Vice President (research attorney) |
| 101 | Barbara Carnevale | Assistant Vice President (contested litigation) |
| 102 | Mireille Vartanian | Assistant Vice President (litigation operations) |
| 103 | James Ballentine | Attorney |
| 104 | Trevor Clement | Attorney |
| 105 | Eleanore Hargreaves | Attorney |
| 106 | Erin Reczek | Attorney (Contested Litigation) |
| 107 | Melissa Parent | MA Litigation Supervisor |
| 108 | Taraneh Beheshtirouy | Paralegal |
| 109 | Georgette Chappell | Paralegal |
| 110 | Carmen Colon | Paralegal |
| 111 | Teresa McCreary | Paralegal |
| 112 | Angelica Polanco | Paralegal |
| 113 | Diane Smith | Paralegal |
| 114 | Linda Delgado | Litigation Assistant |

| | A | B |
|---|---|---|
| 115 | Laurie LaSpada | Litigation Assistant |
| 116 | | |

| | A | B |
|---|---|---|
| 117 | **ZAMI** | |
| 118 | Shannon M. Pawley | Managing Attorney |
| 119 | Traci A. Kern | Associate Attorney |
| 120 | Joshua Dostine | Litigation Assistant - Head of Post-Judgment Involuntary Collection (Preps Bank Garnishments |
| 121 | Danielle Grant | Paralegal |
| 122 | Andrew Polley | Litigation Assistant - New Suits |
| 123 | Meghan Hoste | Litigation Assistant - Service of New Suits/Dismissals |
| 124 | Sandra Hamilton | Litigation Assistant - Judgment Preparation/Forwards Entered Judgments to Andover/Updates Files with Payment Information |
| 125 | Kelly Kapler | Litigation Assistant - Creditor Subpoenas, Judgment Liens, Tax Garnishment, Administrative Closing Orders, Forwarding Bankruptcy Pleadings to Andover |
| 126 | Dee McCray | File Clerk - Opens/Places Mail with Appropriate File for Review, Refiles, Pulls Date-Overs |
| 127 | Catrez Blake | Mailroom/Copy Clerk |
| 128 | Jean Jump | Receptionist/Lit Assist. |
| 129 | Christy Jamieson | Litigation Assist. |
| 130 | | |
| 131 | **ZANJ** | |
| 132 | Ruggiero, Roy D | Managing NJ Attorney |
| 133 | Beierschmitt, Bonnie | Litigation Assistant |
| 134 | Hess, Ruth | Litigation Assistant |
| 135 | Morfino, Noella | File Clerk |
| 136 | Jennifer Haley | Litigation Assistant - Attorney calendar, manage file room |
| 137 | Jessica Isaacs | Litigation Assistant - Discovery, post-judgment remedies |
| 138 | Carrie Tucker | Litigation Assistant - MDJ's, AJE's |
| 139 | | |
| 140 | **ZANY** | |
| 141 | Andrew J Dick | Managing Atty. |

| | A | B |
|---|---|---|
| 142 | Helen Vasalos | Litigation Assist. |
| 143 | Jean Jump | Receptionist/Lit Assist. |
| 144 | Christy Jamieson | Litigation Assist. |
| 145 | Cherie Amico | Litigation Assist. |
| 146 | | |
| 147 | | |
| 148 | ZATN | |
| 149 | Nicholas Adler | Managing Attorney |
| 150 | Michelle Moghadom | Office Manager |
| 151 | April Jackson | Litigation Assistant |
| 152 | | |
| 153 | ZATX | |
| 154 | Osborn, Christopher | **Managing Attorney** |
| 155 | Doolittle, Megan | **Attorney** |
| 156 | Bryant, Kendall | **Attorney** |
| 157 | Balduff, Casey | **File Clerk:** Tasks related to new suit filing. Assists with physical file filing and outbound mail and faxes. |
| 158 | Barcuch, Chelsea | **File Clerk:** Tasks related to new suit filing. Assists with physical file filing and outbound mail and faxes. **Case Clerk:** Assists with preparation of dispositive motions and client affidavits, mail intake, proccess incoming checks, and answers incoming calls. |
| 159 | Christner, Alyssa | **File Clerk:** Assists with preparation of dispositive motions and client affidavits. Assists with physical file filing and outbound mail and faxes. |
| 160 | Coulson, Janis | **Litigation Assistant | Office Administrator:** Coordinates Mediation Calendar, assists with the Hearing Calendar, File Clerk Training, Admin, Tasks, Arbitration and Mail/Fax intake back up. |
| 161 | Fischer, Lindsey | **Litigation Assistant:** Current responsibilities include managing Hearing and Trial Calendars and overseeing out for service accounts. |
| 162 | Gurley, Stacy | **File Clerk::** Assists with physical file filing and outbound mail and faxes. |
| 163 | Mitchell, Sharnezia | **Litigation Assistant:** Processes incoming mail and faxes and assists with the Hearing Calendar. |
| 164 | Nevlud, Rebecca | **Litigation Assistant:** Current responsibilities include drafting settlement documents, processing judgments, and coordinating the trial calendar. |
| 165 | Powell, James | **Case Clerk:** Prepares discovery responses, assists with the Trial Calendar, processing Judgments, as well as mail intake. |
| 166 | Rogers, Jeremy | **File Clerk:** Coordinates scanning of documents, and sending proof of service to the court. Answers incoming calls. |
| 167 | Stevens, Sean | |

| | A | B |
|---|---|---|
| 168 | | |
| 169 | ZAVA | |
| 170 | Andrew Lerner | Managing Attorney |
| 171 | Gregory B Walz | Attorney (MD/DC) |
| 172 | Byron Elder | Operations Manager/ Sr. Lit Assistant |
| 173 | | |
| 174 | Tracy Marratto | Litigation Assistant |
| 175 | Luvis Molina | Litigation Assistant |
| 176 | Ben Cedillos | Litigation Assistant |
| 177 | Iris Romero | Litigation Assistant |
| 178 | Kendall Conkey | file clerk |